IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESEE

| | |
|---|---|
| MONTE A. ISAAC,<br><br>    Plaintiff,<br><br>v.<br><br>BROADCAST MUSIC, INC.,<br>ROUND HILL MUSIC LP,<br>WILLIAM HAYNES,<br>CINDY HAYNES, and<br>SUNSHADE MUSIC,<br><br>    Defendants. | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT, COPYRIGHT INFRINGEMENT, AND UNJUST ENRICHMENT

Plaintiff Monte Isaac files this Complaint and asks the Court:

- To declare that rights in musical compositions granted to Sunshade Music and the Haynes were properly terminated under 17 U.S.C. § 304(c);

- To find that Round Hill Music LP is committing willful copyright infringement;

- To find that Sunshade Music and the Haynes have been unjustly enriched;

- To issue a temporary injunction requiring all Defendants to deposit royalties to the Court until this lawsuit is resolved; and

- To enter monetary judgments against all Defendants.

### INTRODUCTION

Samuel Garrett pka Hank Mills was a successful songwriter and performer in the 1960s and 1970s whose musical compositions were recorded by artists including Dean Martin, Tammy Wynette, and Jim Ed Brown. Several of Mr. Garrett's

compositions are designated "award winning" by Defendant Broadcast Music, Inc. ["BMI"].

In the early 1970s, Mr. Garrett entered an exclusive songwriting contract with Moss Rose Music Publications, Inc. Copyrights for at least 66 of compositions Mr. Garrett wrote under this contract were later assigned by Moss Rose to Carlin America, Inc., and are now assigned to or controlled by Defendant Round Hill Music LP.

In September 1975—after his Moss Rose contract terminated—Mr. Garrett signed three documents:

- An assignment to William Haynes and Walter Haynes of all royalties earned under his Moss Rose contract,
- A letter of direction to BMI directing it to pay all performance royalties in perpetuity to Sunshade Music, and
- An exclusive songwriting contract with Sunshade Music.

In 2015, Mr. Garett's heir sent a Notice of Termination under 17 U.S.C. § 304(c) to William Haynes, Walter Haynes, Cindy Haynes, and Sunshade Music terminating all rights transferred under the assignment of royalties, the BMI letter of direction, and the exclusive songwriting contract. Courtesy copies of the Notice were delivered to BMI.

In 2012 and 2015, Mr. Garrett's heirs sent Carlin America Notices of Termination under 17 U.S.C. § 304(c) terminating Mr. Garrett's transfer of

copyrights under his Moss Rose contract. Courtesy copies of these Notices have been delivered to Round Hill.

The effective dates of termination for the transfer of rights under all Notices began in October 2020 and continue through April 2025.

Round Hill and BMI have not responded to numerous requests to recognize the validities of the Notices. Neither the Haynes nor Sunshade Music responded to their Notices of Termination.

Copyright law intends for authors and their heirs the opportunity to share in the later economic success of their works. All Defendants are denying Monte Isaac this opportunity; it is for this reason he sues.

## PARTIES

1. Monte Isaac is an Illinois resident who is the sole heir to copyrights in musical compositions authored by Samuel Garrett.

2. Broadcast Music, Inc. ["BMI"] is a Delaware corporation authorized to conduct business in Tennessee. Its registered agent is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203. BMI licenses public performance rights in musical compositions.

3. Round Hill Music LP is a Delaware Limited Partnership authorized to conduct business in Tennessee. Its registered agent is Cogency Global Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205. Round Hill is a music publisher that licenses and administers copyrights in musical compositions.

4. Cindy Haynes, upon information and belief, resides in Texas, is the surviving spouse of Walter Haynes, and is the sole beneficiary of the Estate of Walter Haynes.

5. William Haynes, upon information and belief, resides in Tennessee and was Walter Haynes's brother.

6. Sunshade Music, upon information and belief, is a sole proprietorship or partnership owned by one or more of the Haynes. Its last known mailing address is in Tyler, Texas.

## JURISDICTION AND VENUE

7. This case involves a federal question because Mr. Isaac asks the Court under 28 U.S.C. § 2201 to declare his Notices of Terminations sent under 17 U.S.C. § 304(c) are valid. He also asks the Court to find that Round Hill is committing willful copyright infringement prohibited by 17 U.S.C. § 501.

8. Jurisdiction is also proper under 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

9. Supplemental jurisdiction for Mr. Isaac's state law claim is proper under 13 U.S.C. § 1367.

10. Venue lies in this Court under 28 U.S.C. § 1391 in that three Defendants—BMI, Round Hill, and William Haynes—reside in Tennessee, and the acts of BMI and Round Hill constitute a substantial part of the events giving rise to Mr. Isaac's claim.

## BACKGROUND FACTS

11. Samuel Garrett was a successful songwriter who resided in Nashville until 1975 and was professionally known as Hank Mills. His musical compositions were recorded by numerous country and pop singers including Tammy Wynette and Dean Martin.

12. In the early 1970s, Mr. Garrett was a staff songwriter for Moss Rose Music Publications, Inc. in Nashville. His songwriting contract required him to transfer his interest in musical compositions to Moss Rose in exchange for salary and future royalties. It is believed this contract terminated before September 1975.

13. The copyrights for songs Mr. Garrett wrote under his Moss Rose contract were later assigned to Carlin America, Inc., and are now assigned to or controlled by Round Hill. Sixty-six of those copyrights are the subject of this lawsuit.

14. In September 1975, Mr. Garrett left Nashville. Before leaving, he assigned his entire right to receive royalties under his Moss Rose contract to William and Walter Haynes. A copy of the assignment is attached as **Exhibit 1**.

15. A few days later, Mr. Garrett entered an exclusive songwriting contract with Sunshade. Mr. Garrett simultaneously sent a letter to BMI directing it to pay all his public performance royalties to Sunshade. A copy of the Sunshade contract is attached as **Exhibit 2** and a copy of the BMI letter is attached as **Exhibit 3**.

16. The three documents signed by Mr. Garrett in 1975 left him with essentially no income stream from his vast catalog of musical compositions.

17. Samuel Garrett died intestate in Maryland in 2005. He left a surviving spouse, Joan Garrett, and no parents or issue. Mr. Garrett's interests in his musical compositions then passed to Joan Garrett under Maryland law.

18. In June 2012, Joan Garrett sent a Notice of Termination under 17 U.S.C. § 304(c) to Round Hill's predecessor, Carlin America, Inc. The Notice was for 30 compositions whose terminations began in October 2020 and end in May 2022. A copy of the Notice recorded with the United States Copyright Office is attached as **Exhibit 4.**

19. Joan Garrett died in Illinois in 2013. Joan Garrett's will left her entire estate to her sister, Janet Isaac, and nominated Janet Isaac to serve as her personal representative. Janet Isaac administered Joan Garrett's estate, and Joan Garrett's interests in Samuel Garrett's musical compositions passed to Janet Isaac.

20. In May 2015, Janet Isaac sent a Notice of Termination under 17 U.S.C. § 304(c) to Sunshade Music, William Haynes, Estate of Walter Haynes, and Cindy Haynes that terminated the assignment of royalties, exclusive songwriting contract with Sunshade, and BMI letter of direction attached as Exhibits 1-3. A copy of the Notice recorded with the United States Copyright Office is attached as **Exhibit 5**.

21. In June 2015, Janet Isaac sent a Notice of Termination under 17 U.S.C. § 304(c) to Round Hill's predecessor, Carlin America, Inc. for 36 compositions whose terminations begin in July 2022 and end in April 2025. A copy of the Notice recorded with the United States Copyright Office is attached as **Exhibit 6.**

6

22. Janet Isaac sent the Notices of Termination referenced in ¶¶ 20-21 as the Personal Representative of the Estate of Samuel Garrett. A copy of the Order appointing Janet Isaac as the personal representative of the Estate of Samuel Garrett is attached as **Exhibit 7**.

23. Janet Isaac died in Illinois in 2019. Monte Isaac is Janet Isaac's surviving spouse and is the sole beneficiary of her estate. Monte Isaac has administered Janet Isaac's estate, and her interest in Samuel Garrett's musical compositions have now passed to him.

## BMI FACTS

24. In June 2020, counsel for Mr. Isaac sent a letter and supporting documents to BMI notifying it that a Notice of Termination was sent to Sunshade and the Haynes in May 2015 terminating the BMI letter of direction. The letter asked BMI to acknowledge the validity of the May 2015 Notice. BMI did not respond to the letter attached as **Exhibit 8**.

25. In January 2021, counsel for Mr. Isaac emailed BMI's counsel asking for its position on the May 2015 Notice of Termination and requesting that future royalties be held in trust. BMI did not respond to the email attached as **Exhibit 9**.

26. In January 2021, counsel for Mr. Isaac sent another letter to BMI requesting a response to the June 2020 letter and demanding that BMI hold the royalties for Mr. Garrett's compositions in trust. BMI did not respond to the letter attached as **Exhibit 10**.

27. BMI has completely ignored Mr. Isaac's communications and continues to pay royalties to the Haynes or Sunshade for compositions terminated under the Notice of Termination.

## ROUND HILL FACTS

28. In January 2021, counsel for Mr. Isaac sent a letter to Round Hill notifying that a Notice of Termination was served on its predecessor in June 2012 and that Round Hill was wrongfully licensing Mr. Garrett's compositions. Round Hill ignored this letter attached as **Exhibit 11.**

29. In March 2021, counsel for Mr. Isaac sent a letter to Round Hill's General Counsel notifying him of the June 2012 Notice of Termination and that Round Hill had not responded to his January 2021 letter. Round Hill's General Counsel ignored this letter attached as **Exhibit 12**.

30. As of the date of this Complaint, Round Hill is committing willful copyright infringement by continuing to license or collect royalties on at least 11 compositions whose transfers terminated under the June 2012 Notice of Termination. At least 11 additional compositions will terminate in 2021.

## SUNSHADE AND HAYNES FACTS

31. Sunshade and the Haynes were served with the May 2015 Notice of Termination terminating the assignment of royalties, exclusive songwriting contract with Sunshade, and BMI letter of direction. Copies of the certified mail return receipts reflecting delivery of the Notices are attached as **Exhibit 13**.

32. Neither Sunshade nor the Haynes have responded to the Notice of Termination and continue to accept and appreciate royalties to which they are not entitled. It would be unjust to allow them to retain those royalties.

## COUNT 1
### Declaratory judgment as to BMI, Sunshade, and the Haynes

33. 17 U.S.C. § 304(c) states that the exclusive or nonexclusive grant of a transfer or license of the renewal copyright *or any right under it* is subject to termination.

34. The assignment of royalties, exclusive Sunshade songwriting contract, and BMI letter of direction executed by Mr. Garrett in 1975 are all grants of rights that arose from the copyrights in his musical compositions.

35. Mr. Isaac asks the Court to declare that the May 2015 Notice of Termination to Sunshade and the Haynes terminated all grants of rights under those documents.

36. Mr. Isaac also asks the Court to enter judgment against BMI, Sunshade, and the Haynes for all royalties paid to Sunshade or the Haynes for compositions that have already terminated.

## COUNT II
### Willful Copyright Infringement by Round Hill

37. Mr. Isaac is the exclusive owner of the compositions that have already terminated under the June 2012 Notice to Round Hill's predecessor. Despite actually knowing of the 2012 Notice, Round Hill intentionally, willfully, and

recklessly continues to exploit those terminated compositions in violation of the rights exclusively held by Mr. Isaac under 17 U.S.C. § 106.

38. Under 17 U.S.C. § 504(c), Mr. Isaac may recover damages of up to $150,000 for each act of willful infringement. Alternatively, Mr. Isaac may recover his actual damages as well as disgorging Round Hill's profits from its willfully infringing acts.

## COUNT III
## Unjust enrichment as to Sunshade and the Haynes

39. Sunshade and the Haynes are knowingly accepting royalties for compositions that have terminated under the May 2015 Notice of Termination.

40. All have accepted the benefit of those royalties and it would be inequitable and unjust for these Defendants to retain the benefit.

## PRAYER

Mr. Isaac asks the Court:

1. To declare that the Notices of Termination sent to Carlin America, Inc., Sunshade, and the Haynes are valid regarding compositions that have effectively terminated, and those that will terminate;

2. To enter judgment jointly and severally against BMI, Sunshade, and the Haynes for royalties paid by BMI for compositions that have effectively terminated under the May 2015 Notice of Termination;

3. To find that Round Hill is willfully committing copyright infringement on all compositions effectively terminated and to award $150,000 per infringement as permitted under 17 U.S.C. § 504;

4. Alternatively, to enter judgment against Round Hill for his actual damages and disgorgement of Round Hill's profits as permitted under 17 U.S.C. § 504;

5. To enter judgement against Sunshade Music, William Haynes, and Cindy Haynes for all royalties each has unjustly received for the compositions effectively terminated;

6. To enter a preliminary injunction requiring BMI and Round Hill to deposit all money earned from exploiting the effectively terminated compositions to the Court until this matter concludes;

7. To award him attorney's fees under 17 U.S.C. § 505 and all other expenses permitted under law; and

8. For any further relief the Court deems proper.

Respectfully submitted,

/s/Christopher English Hugan #22853
810 Dominican Drive
Nashville, Tennessee 37228
(615) 669-7299
ecf@huganlaw.com
*Counsel for Monte A. Isaac*